IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEANTE DRAKE,

    Petitioner,

v.

COMMONWEALTH OF PENNSYLVANIA,

    Respondent.

Civil Action No. 16-1822
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

Re: ECF No. 3

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition, ostensibly filed as a Petition for Writ of Coram Nobis, seeking to challenge the validity of state court convictions, be dismissed pre-service for lack of subject matter jurisdiction.

### II. REPORT

**A. Background**

Deante Drake ("Petitioner") was formerly a state prisoner who has completely served a Pennsylvania state sentence for conspiracy and drug convictions arising on May, 4, 1995 ("the May 4, 1995 state court convictions").[1] On that date, Petitioner pleaded guilty to the charges of drug possession and conspiracy in the Court of Common Pleas of Allegheny County. Petitioner was sentenced to 4 ½ to 10 years of imprisonment plus a consecutive period of probation of four years. It is undisputed that, by the time he filed the instant case, Petitioner had completely

---

[1] We note that Petitioner filed a similar Petition for Writ of Error Coram Nobis attacking a different Pennsylvania state court conviction. Drake v. Pennsylvania, No. 16-1595 (W.D. Pa.). A Report and Recommendation, recommending pre-service dismissal was filed in that action on November 18, 2016 and the Memorandum Order, adopting the Report and Recommendation was filed on December 9, 2016.

served his sentence for the May 4, 1995 state court convictions. See, e.g., Superior Court slip. op., ECF No. 3-3 at 7 ("Moreover, because he is no longer serving his sentence, Appellant is not eligible for PCRA relief."); "Pro Se Petitioner's Petitioner [sic] for Writ of Error Coram Nobis," filed in the Pennsylvania Superior Court, ECF No. 3-5 at 1 (wherein Petitioner concedes that "I am unable to meet the PCRA's 'in custody' requirement.").

Petitioner is currently a federal prisoner, who contends that his federal sentence, which he is currently serving, was enhanced due to him being a recidivist based upon his May 4, 1995 state court convictions.

Petitioner did not file the instant case until December 6, 2016, when the Clerk's Office received what Petitioner described as a "Writ of Error Coram Nobis" (the "Petition"). ECF No. 3 at 1. It is not entirely clear what Petitioner seeks to accomplish by this Petition. In effect, Petitioner appears to seek by way of this Petition to have this Court invalidate his May 4, 1995 state court convictions. Id. ("NOW COMES, Deante Drake, Pro Se Petitioner in the above captioned case, hereby requests this Honorable District Court to grant his petition pursuant to writ of error coram nobis for the illegal enhanced sentence[.]"). Alternatively, Petitioner may be seeking an order from this Court to review the Pennsylvania Superior Court's determination that the Petition for Writ of Error Coram Nobis, which he filed in that Court, constituted, in reality, a Post Conviction Relief Act ("PCRA") Petition. The Superior Court denied the filing for being untimely filed and also for failing to merit relief because Petitioner was no longer in custody pursuant to the May 4, 1995 state court convictions. Id. ("Petitioner, Drake, seeks an order from this Court compelling the Superior Court of Pennsylvania to respond to the writ of error coram nobis for reconsideration that was denied without an opinion on November 1, 2016. . . . and also compell [sic] the Superior Court to respond to the supplement for leave to his writ of

error coram nobis that was subsequently accepted and granted September 23, 2015 in the Superior Court under motion for newly discovered evidence."). To the extent that Petitioner seeks to have this Court invalidate his convictions via this Petition, the Court is without jurisdiction to do so whether the Petition is considered a Petition for Writ of Error Coram Nobis or whether, we liberally construe it as a Petition for Writ of Habeas Corpus. Federal courts have no jurisdiction to review state court convictions by means of a writ of error coram nobis. Furthermore, even liberally construing this Petition as being a Petition for Writ of Habeas Corpus, this Court is without jurisdiction to act on the Petition because at the time of the filing of this case, Petitioner was no longer in custody pursuant to the May 4, 1995 state court convictions. To the extent that Petitioner seeks to have this Court review the Pennsylvania Superior Court's treatment of his petitions filed in that Court, he essentially asks this Court to act in an appellate capacity to a state court, which this Court lacks jurisdiction to do. Accordingly, no matter how the Petition is treated, the case should be dismissed pre-service for lack of subject matter jurisdiction.

   B.  Discussion

   **1. Courts can raise subject matter jurisdiction sua sponte.**

A court always has the inherent power to sua sponte raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed. Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent."). See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.")

(citations omitted). Alternatively, the Court always has inherent power to control its own dockets even apart from considerations of subject matter jurisdiction so as to enable the court to dismiss prior to service improper pleadings. See, e.g., Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07-1707, 2008 WL 426272, at *1 (W.D. Pa. Feb. 14, 2008) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service")(footnote omitted)(citing Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings")).

### 2. Lack of subject matter jurisdiction over writ of error coram nobis.

To the extent that the present Petition may be construed as a request for a writ of error coram nobis, it is properly dismissed pre-service because a federal court does not have subject matter jurisdiction over a writ of error coram nobis that seeks to attack a state court judgment. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("Four Courts of Appeals have held that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (coram nobis applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (same); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (coram nobis petition set forth no claim for relief cognizable in federal court). We agree with those cases. Obado can seek coram nobis relief only in state court.")); Tavares v. Massachusetts, 59 F.Supp.2d 152, 154 (D.Mass. 1999).

Accordingly, to the extent that the present filing constitutes a petition for writ of error coram nobis, it should be dismissed pre-service for lack of subject matter jurisdiction, given that

4

the judgment Petitioner seeks to attack is a state court judgment and not a judgment from this Court.

### 3. Lack of habeas subject matter jurisdiction over habeas petition.

To the extent the Petition is actually an attack on his May 4, 1995 state court convictions, the Court recommends pre-service dismissal of it because such a request/attack is properly brought only via a petition for writ of habeas corpus. See, e.g., Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254."); Beaven v. Roth, 74 F. App'x 635, 638 (7th Cir. 2003) ("Federal courts do have authority to review collaterally state-court judgments in criminal cases, but only through habeas corpus. Indeed, 'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release'")(quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994))(some citations omitted).

In light of the rule that federal courts have authority, i.e., jurisdiction, only through habeas corpus to review state court convictions collaterally, then, in law and in fact, the present case is jurisdictionally a habeas petition. However, given that, at the time of the filing of the present case, Petitioner was no longer "in custody" arising out of the May 4, 1995 state court convictions that he seeks to attack, the Court lacks habeas subject matter jurisdiction over this case. Maleng v. Cook, 490 U.S. 488, 492 (1989). At the least, Petitioner has not carried his burden to show that he was in custody pursuant to the May 4, 1995 state court convictions at the time of the filing of the instant case. Brown v. Wenerowicz, No. CIV.A. 13-430, 2013 WL 2404152, at *4 (W.D. Pa. May 31, 2013) ("Moreover, it is the burden of the habeas petitioner to

establish the jurisdictional predicate that he was in custody at the time of filing his habeas petition.") (quoting United States ex rel. Johnson v. Cavell, 468 F.2d 304, 319 (3d Cir. 1972) ("Indeed, by seeking to invoke a district court's habeas corpus jurisdiction, petitioner carried the burden of affirmatively showing the presence of jurisdictional prerequisites....")).

### 4. Rooker-Feldman bars this Court's review of the Superior Court's actions.

To the extent that Petitioner seeks to have this Court review the Pennsylvania Superior Court's characterization of his motions/petitions before that Court and find that the Superior Court's treatment of his motions/petitions was erroneous under, and/or violated federal law and to compel the Superior Court to do anything, this Court is barred from doing so. This is because Petitioner is, in essence, seeking to have this Court act in an appellate capacity over the Superior Court, something that this Court lacks jurisdiction to do under the Rooker-Feldman doctrine.

As explained by the United States Court of Appeals for the Third Circuit:

> The *Rooker-Feldman* doctrine embodies the principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983): "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Marks v. Stinson*, 19 F.3d 873, 885 n. 11 (3d Cir. 1994).

Thomas v. Miner, 317 F. App'x 113, 114 n.1 (3d Cir. 2008). We find that the present suit requires this Court to, at the very least, "evaluate constitutional claims that are inextricably intertwined with the state court's [decision]" concerning Petitioner's appeal and filings in the Superior Court.

To the extent that Petitioner argues the Superior Court erred as a matter of state law in treating his filings in that Court as it had, this Court lacks jurisdiction to review the

6

Pennsylvania Superior Court's treatment of a state law question, namely, how is a petition filed in that Court properly characterized under state law. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a state court's interpretation of state law); Lyda v. Gibson, 172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999) ("No authority is granted to federal courts to correct errors of state law made by state courts."); McCormick v. Kline, 572 F.3d 841, 850 (10th Cir. 2009) ("Even if Kansas did commit such errors under state law, however-and even if such errors, if corrected, would have meant that § 21–4608(c) did apply to McCormick's 2004 sentencing-it is simply not our province 'to reexamine state-court determinations on state-law questions,' *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). 'Such an inquiry ... is no part of a federal court's habeas review of a state conviction ..., [because] 'federal habeas corpus relief does not lie for errors of state law.'"). Accordingly, this Court lacks subject matter jurisdiction over any such claims made by Petitioner.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the case be dismissed before being served because this Court lacks subject matter jurisdiction over this case, irrespective of how the Petition is characterized in this Court or what form of relief that Petitioner is seeking. To the extent one is needed, a Certificate of Appealability should be denied.[2]

---

[2] To the extent that Petitioner seeks to challenge his current federal sentence as unconstitutionally enhanced by the allegedly unconstitutional May 4, 1995 state court convictions. his proper remedy lies elsewhere, as for example, seeking relief in the federal court of conviction and/or the appropriate Court of Appeals for permission to seek leave to file a second or successive Section 2255 motion and/or possibly a petition pursuant to 28 U.S.C. § 2241 in the federal judicial District where his present custodian is.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              Respectfully submitted,

Date: December 19, 2016                            s/Maureen P. Kelly
                                                          MAUREEN P. KELLY
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Nora Barry Fischer
        United States District Judge

        DEANTE DRAKE
        05730-087
        FCC Allenwood
        PO Box 1000
        White Deer, PA 17887