IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEANTE DRAKE,

    Petitioner,

v.

COMMONWEALTH OF PENNSYLVANIA,

    Respondent.

Civil Action No. 16-1822
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

## MEMORANDUM ORDER

The "Petition for Writ of Error Coram Nobis" (the "Petition"), ECF No. 3 (underlining removed), was filed *pro se* by Deante Drake ("Petitioner"). In the Petition, Petitioner attacked his Pennsylvania convictions arising on May 4, 1995 ("the May 4, 1995 state court convictions"). By the time Petitioner filed the Petition, he had completed his sentences for the May 4, 1995 state court convictions.

The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Chief Magistrate Judge Kelly issued a Report and Recommendation (the "Report"), recommending that the Petition be dismissed pre-service because the a United States District Court does not have jurisdiction to review a state court conviction by means of a petition for writ of error coram nobis. ECF No. 4. Furthermore, the Report noted that even if the Petition were construed as a Petition for Writ of Habeas Corpus, the Petition would still be dismissible pre-service because Petitioner was no longer in custody pursuant to the May 4, 1995 state court convictions that were the object of Petitioner's attack. Petitioner was notified that he had until January 5, 2017 to file Objections to the Report. On January 10, 2017, Petitioner filed what he called a "Petition for

clarification for reconsideration for the magistrate's denial in the R&R[.]" ECF No. 5. We treat this filing as "Objections". Pursuant to the prisoner mail box rule, we find the Objections to be timely filed given that Petitioner ostensibly signed the Objections on January 3, 2017. Id. at 22.

Having thoroughly reviewed the Report and the Objections, we find that the Objections do not merit the rejection of the Report or extended comment.

The Report was clearly correct that a federal district court does not have jurisdiction to review a state court conviction by means of a writ of error coram nobis. None of the cases that Petitioner cites to, as supporting a contrary position, do, in fact, offer such support. Petitioner most heavily relies on Rothman v. United States, 508 F.2d 648 (3d Cir. 1975) and United States v. Foriano, 319 F.2d 617 (2d Cir. 1963). ECF No. 5 at 12 – 16. Both cases stand for the unremarkable proposition that federal district courts may review **federal** convictions by means of a writ of error coram nobis where the federal sentences for those federal convictions have been fully served. They offer no support for the proposition that a federal court can review state court convictions by means of a writ of error coram nobis. In Foriano, the petitioner therein was challenging a prior federal conviction in the federal district court to avoid an enhancement of his sentence in a state court proceeding as a repeat offender. Petitioner herein is seeking to challenge a prior state court conviction to void an enhancement of his federal sentence in federal court as a repeat offender. As the Report correctly concluded this is a legally significant difference.

Petitioner also objects to the Report's conclusion that the Rooker-Feldman doctrine also bars this Court from reviewing the Pennsylvania Superior Court's treatment of Petitioner's filings in the state courts, determining them to be a Post Conviction Relief Act ("PCRA") Petition and dismissing the Petition, now characterized as a PCRA Petition, because Petitioner

was not in custody pursuant to May 4, 1995 state court convictions. ECF No. 5 at 17 – 19. Petitioner claims that the Superior Court did not adjudicate his petition in the state courts on the merits and, therefore, Rooker-Feldman does not bar this Court from reviewing the Superior Court's actions. Id. Petitioner is simply wrong.

As the Report correctly noted the Rooker-Feldman doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding." Thomas v. Miner, 317 F. App'x 113, 114 n.1 (3d Cir. 2008). It is clear that the Superior Court determined that, as a matter of state law, Petitioner's filings in the state courts were PCRA petitions. For this Court to determine that such a re-characterization of his filings in state court and subsequent dismissal thereafter violated Petitioner's federal constitutional rights, (which is precisely what Petitioner seeks), is the very definition of "evaluating constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." See, e.g., ECF No. 5 at 2 ("the Superior Court's decision on September 7, 2016 denying his petition for writ of error coram nobis leaves Drake without any remedy in the state court," which Petitioner contends violates his right to due process); id. at 21 ("Petitioner Drake seeks a determination from this District Court for the Superior Court's violation of his federal constitutional rights of due process … and also an order from this court compelling the Superior Court of Pennsylvania to respond to the writ of error coram nobis… and also compel the Superior Court to respond to the supplement for leave to his writ of error coram nobis … and voiding the judgment and remanding it back to the Superior Court."). Moreover, Petitioner's reliance on Howlett v. Rose, 496 U.S. 356 (1990), ECF No. 5 at 9 – 10, is not persuasive because Howlett did not alter the Rooker-Feldman doctrine in any

manner. The United States Supreme Court did not do so because <u>Howett</u> was an exercise of the United States Supreme Court's appellate jurisdiction over state courts by writ of certiorari concerning a question of federal law. Suffice it to say, this Court is not the United States Supreme Court and possesses no such appellate jurisdiction. Indeed, the Court in <u>Howett</u>, cited approvingly the following language: "a federal district court cannot entertain an original action alleging that a state court violated the Constitution by giving effect to an unconstitutional state statute[.]" <u>Id</u>. at 370 n.16.

Accordingly, after *de novo* review of the Report and the Objections and the record of this case, it is hereby **ORDERED** that the Report is adopted as the opinion of the Court and we hereby **ORDER** that the Petition be dismissed. A certificate of appealability is **DENIED**.


Date: January 23, 2017                s/Nora Barry Fischer
                                                              NORA BARRY FISCHER
                                                              UNITED STATES DISTRICT JUDGE


cc:     The Honorable Maureen P. Kelly
          Chief United States Magistrate Judge


          DEANTE DRAKE
          05730-087
          FCC Allenwood
          PO Box 1000
          White Deer, PA 17887